IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| TERRENCE WILLS and KIMBERLY WILLS,<br><br>Plaintiffs,<br><br>v.<br><br>OPTIMUM OUTCOMES, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:13-cv-26-PMW<br><br>Magistrate Judge Paul M. Warner |

All parties in this case have consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Optimum Outcomes, Inc.'s ("Defendant") motion to dismiss.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 12.

[2] *See* docket no. 13.

## BACKGROUND

On February 5, 2013, Terrence Wills and Kimberly Wills[3] (collectively, "Plaintiffs") filed their complaint in this case against Defendant, alleging a cause of action for violations of the Fair Debt Collection Practices Act ("FDCPA") and a cause of action for violations of the Telephone Consumer Protection Act ("TCPA").[4]

At some point in the past, Plaintiffs received services from InterMountain Healthcare, which in turn hired Defendant to collect money that Plaintiff owed to InterMountain Healthcare stemming from those services. In their complaint, Plaintiffs allege that Defendant violated the FDCPA by continuing to contact Plaintiffs after Plaintiffs sent InterMountain Healthcare and/or Defendant a letter ("Letter")[5] that (1) disputed the debt and requested a validation of the debt,[6] *see* 15 U.S.C. § 1692g(b); and (2) requested that Defendant cease collection "or" stated that Plaintiffs refused to pay the debt,[7] *see* 15 U.S.C. § 1692c(c). Finally, Plaintiffs allege that they

---

[3] As Defendant has noted, the complaint in this case identifies two named plaintiffs; however, it makes multiple allegations concerning a singular plaintiff, without identifying which allegations apply to which plaintiff. Because that issue does not have any impact on the court's ruling on Defendant's motion to dismiss, the court need not resolve it. Instead, the court will simply assume that all of the allegations of the complaint apply to both named plaintiffs.

[4] *See* docket no. 2.

[5] Plaintiffs have not attached a copy of the Letter to their complaint. However, Defendant has attached a copy of the Letter to its motion to dismiss, *see* docket no. 13, Exhibit A, and Plaintiffs admit that the attachment is indeed a copy of the Letter, *see* docket no. 14 at 2. As Defendant has correctly noted, Plaintiffs make multiple references to the Letter in their complaint. Therefore, even though the Letter is not attached to Plaintiff's complaint, the court can properly consider the Letter in deciding Defendant's motion to dismiss. *See, e.g.*, *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013); *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384-85 (10th Cir. 1997).

[6] *See* docket no. 2 at ¶ 11.

[7] *Id.* at ¶ 10.

received phone calls from Defendant using an automatic telephone dialing system, in violation of the TCPA.[8] *See* 47 U.S.C. § 227.

Plaintiffs admit that, in the Letter, they provided a cellular phone number to InterMountain Healthcare and/or Defendant.[9] The body of the Letter provides:

> This letter is in reference to account #436-10604716 in the name of Terrence Wills. In August of 2011 my wife, Kimberly Wills, had a conversation with a representative of your company regarding this account. During this conversation a payment agreement of $25.00 per month was agreed upon and audio recorded by your representative. This agreed upon amount has been indicated on the bottom of the billing statement thereafter. In November of 2011, Kimberly called and again had a conversation with a representative of your company stating that the November 2011 payment would by late. During this conversation, your representative indicated to go ahead and skip this payment because as per the agreement a person could have "two occurrences" of payment issues before going to collections. With the exception of the November 2011 payment, payments of the agreed upon amount or more have been paid every month on this account.
>
> Starting in December of 2011, the agreed upon amount at the bottom of the billing statement has changed to $86.29 with no prior notice of a change in the agreed upon amount. In December of 2011, Kimberly called and had a conversation with a representative of your company, at which time, your representative stated there was a change in your company policy and the $86.29 is the new amount your company demands for payment. When Kimberly indicated this amount was not acceptable your representative stated "just keep paying how you have been paying[."]
>
> In changing the original agreed upon amount and demanding a higher payment, you have reneged on a verbal agreement that was audio recorded by a representative of your company in August of 2011.

---

[8] *See id*. at ¶¶ 8, 12.

[9] *See* docket no. 14 at 5-6.

> Therefore, I will continue to make payments of the *ORIGINAL* agreed upon amount of $25.00 per month. Any further correspondence on this account should be in writing and sent to my attention at the address listed above.[10]

## LEGAL STANDARDS

Defendant seeks dismissal of Plaintiffs' complaint pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under rule 12(b)(6), the court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

## ANALYSIS

Defendant presents arguments concerning each of the two causes of action contained in Plaintiffs' complaint. The court will address those arguments in turn.

### I. FDCPA

Defendant argues that Plaintiffs' FDCPA cause of action should be dismissed because, first, the Letter does not request a validation of the debt and, second, the Letter does not contain a request to cease and desist or a refusal to pay the debt. The court agrees.

---

[10] Docket no. 13, Exhibit A.

The first portion of Plaintiffs' FDCPA cause of action alleges a violation of 15 U.S.C. § 1692g(b), which governs validation of debts. Pursuant to that provision of the FDCPA, a consumer has 30 days from the initial contact with the debt collector to dispute in writing that he or she owes the debt or request the name and address of the original creditor. *See* 15 U.S.C. § 1692g(b).

Notwithstanding Plaintiffs' allegation that the Letter constitutes such a writing, a review of the body of the Letter demonstrates otherwise. The court concludes that the Letter does not contain any language that could be construed as a dispute of the debt. To the contrary, in the Letter, Plaintiffs admit that they owe the full amount of the debt and communicate their desire to continue to make monthly payments on the debt. The court also concludes that the Letter cannot be construed as a request for the name and address of the original creditor. Notably, the Letter includes that name and address of the original creditor, InterMountain Healthcare. For those reasons, the court concludes that Plaintiffs have failed to establish that Defendant violated 15 U.S.C. § 1692g(b).

The second and final portion of Plaintiffs' FDCPA cause of action alleges a violation of 15 U.S.C. § 1692c(c), which governs communications in connection with a debt collection. In relevant part, that provision of the FDCPA provides that "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt." 15 U.S.C. § 1692c(c).

Again, even though Plaintiffs allege that the Letter constitutes such a writing, the plain language of the Letter does not support that allegation. The court has determined that there is no

language in the Letter that can be construed as a request for Defendant to cease communication with Plaintiffs. To the contrary, Plaintiffs provide direction in the Letter for any future communication or correspondence. Furthermore, the court concludes that the Letter does not contain a refusal to pay the debt. As noted above, in the Letter, Plaintiffs admit that they owe the full amount of the debt and communicate their desire to continue to make monthly payments on the debt. For those reasons, the court concludes that Plaintiffs have failed to establish that Defendant violated 15 U.S.C. § 1692c(c).

The court has determined that Plaintiffs have failed to establish either of the violations of the FDCPA alleged in their complaint.[11] Accordingly, Plaintiffs' FDCPA cause of action is dismissed.

## II. TCPA

Defendant argues that Plaintiffs' TCPA cause of action should be dismissed because Plaintiffs provided their express consent for Defendant to call the cellular phone number provided in the Letter. The court agrees.

In relevant part, the TCPA makes it unlawful for a person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
>
> . . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio

---

[11] In the briefing on Defendant's motion to dismiss, there is some discussion of whether Plaintiffs are also alleging a violation of 15 U.S.C. § 1692d. Although that statutory provision is cited in Plaintiffs' complaint, *see* docket no. 1 at ¶16, Plaintiffs admit in their response to Defendant's motion to dismiss that they are not alleging such a violation, *see* docket no. 14 at 4.

> common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).

As indicated by that statutory language, there is no violation of the TCPA if the called party provided his or her express consent to receive auto-dialed or prerecorded message calls on his or her cellular phone. *See id*. As Defendants have noted, the Federal Communications Commission ("FCC") has clarified what constitutes "express consent" under the TCPA. The FCC has done so pursuant to its authority to create rules and regulations implementing the TCPA. *See* 47 U.S.C. § 227(b)(2). The FCC issued a declaratory order, which provides:

> Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt. . . . Calls placed by a third party collector on behalf of [a] creditor [to whom or which prior express consent was provided] are treated as if the creditor itself placed the call.

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559, ¶9-10 (2008) (footnotes omitted).

Pursuant to those authorities, when a debtor provides his cellular phone number to a creditor, that debtor provides express consent to receive auto-dialed or prerecorded message calls on that cellular phone from both the creditor and the creditor's third-party debt collector. In the Letter, Plaintiffs provided the cellular phone number to InterMountain Healthcare, the creditor. In doing so, Plaintiffs provided their express consent to receive calls on their cellular telephone from InterMountain Healthcare and Defendant, InterMountain Healthcare's debt collector. *See*

7

*id.*; *see also, e.g.*, *Saunders v. NCO Fin. Sys.*, 910 F. Supp. 2d 464, 467 (E.D.N.Y. 2012); *Pinkard v. Wal-Mart Stores, Inc.*, No. 3:12-cv-02902-CLS, 2012 U.S. Dist. LEXIS 160938, at *11-16 (N.D. Ala. Nov. 9, 2012). Because Plaintiffs provided their express consent to receive such calls, Plaintiffs cannot establish that Defendant's calls to that number violated the TCPA. Accordingly, Plaintiffs' cause of action under the TCPA is dismissed.

## **CONCLUSION AND ORDER**

The court concludes that Plaintiffs' complaint fails to state claims upon which relief can be granted under either the FDCPA or the TCPA. Therefore, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss[12] is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED**.

DATED this 21st day of January, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[12] *See* docket no. 13.