IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| TERRENCE WILLS and KIMBERLY WILLS,<br><br>Plaintiffs,<br><br>v.<br><br>OPTIMUM OUTCOMES, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:13-cv-26-PMW<br><br>Magistrate Judge Paul M. Warner |

All parties in this case have consented to United States Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Terrence Wills and Kimberly Wills' (collectively, "Plaintiffs") motion for the court to reconsider its prior order granting Optimum Outcomes, Inc.'s ("Defendant") motion to dismiss.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 12.

[2] *See* docket no. 19.

**BACKGROUND**

On February 5, 2013, Plaintiffs filed their complaint in this case against Defendant, alleging a cause of action for violations of the Fair Debt Collection Practices Act ("FDCPA") and a cause of action for violations of the Telephone Consumer Protection Act ("TCPA").[3] In response to Plaintiffs' complaint, Defendant filed a motion to dismiss on April 23, 2013.[4] On January 21, 2014, this court issued a memorandum decision and order granting Defendant's motion to dismiss and dismissing all of Plaintiff's claims.[5] The details of that memorandum decision and order are incorporated by reference and will not be repeated here.

Plaintiffs have now filed a motion for the court to reconsider the dismissal of Plaintiffs' TCPA cause of action. Plaintiffs do not ask the court to reconsider the dismissal of Plaintiffs' FDCPA cause of action.

**LEGAL STANDARDS**

"A motion for reconsideration is not specifically provided for in the rules of civil procedure." *Lacefield v. Big Planet*, No. 2:06-cv-844-DB, 2008 U.S. Dist. LEXIS 51523, at *1 (D. Utah July 3, 2008). However, it is within the court's discretion to reconsider a previous order. *See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

---

[3] *See* docket no. 2.

[4] *See* docket no. 13.

[5] *See* docket no. 17.

The Tenth Circuit has indicated that a motion to reconsider is an

> inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed.

*Id*. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. "A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court." *SCO Group, Inc. v. Novell, Inc.*, No. 2:04-cv-139-DAK, 2007 U.S. Dist. LEXIS 68371, at *5 (D. Utah Sept. 14, 2007); *see also Lacefield*, 2008 U.S. Dist. LEXIS 51523, at *2 ("[A] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (quotations and citations omitted)).

## ANALYSIS

Plaintiffs present three arguments in support of their motion to reconsider. First, Plaintiffs argue that this court erred in applying the law in dismissing Plaintiffs' TCPA cause of action. Second, Plaintiffs argue that, to the extent they provided consent under the TCPA, they revoked that consent. Finally, Plaintiffs argue that it was improper for this court to make a finding of consent under the TCPA as part of ruling on a motion to dismiss. The court will address those arguments in turn.

## I. Application of the Law

Plaintiffs first argue that the court erred in applying the law in dismissing their TCPA cause of action. The court concludes that this argument fails.

In support of this contention, Plaintiffs do nothing more than rehash arguments that were already made in their opposition to Defendants' motion to dismiss or present new arguments that were available at the time their opposition to Defendants' motion to dismiss was filed. Indeed, Plaintiffs ask the court to address authorities that Plaintiffs relied upon, or could have relied upon, in their opposition to Defendant's motion to dismiss. As indicated by the cases cited above, rehashing arguments or presenting arguments and authorities that were previously available are inappropriate bases for a motion to reconsider. *See Servants of the Paraclete*, 204 F.3d at 1012. After rehashing their previously made arguments, Plaintiffs claim that the court should provide a more clear basis for its decision. However, the court carefully considered Plaintiffs' arguments in ruling on Defendant's motion to dismiss and rejected them. While Plaintiffs may disagree with the court's decision, that likewise is not a proper basis for a motion to reconsider. *See Lacefield*, 2008 U.S. Dist. LEXIS 51523, at *2; *SCO Group, Inc.*, 2007 U.S. Dist. LEXIS 68371, at *5.

## II. Revocation of Consent

Plaintiffs next argue, for the first time, that to the extent they provided consent under the TCPA, that consent was revoked. That argument does not merit reconsideration of the court's memorandum decision and order granting Defendants' motion to dismiss. As Defendant has noted, Plaintiffs could have, but chose not to make this argument in their opposition to Defendant's motion to dismiss, even though the argument was clearly available at the time

Plaintiffs filed their opposition. Again, this is an inappropriate basis for a motion to reconsider. *See Servants of the Paraclete*, 204 F.3d at 1012.

### III. Finding Consent in Ruling on a Motion to Dismiss

Finally, Plaintiffs argue that it was inappropriate for this court to find consent under the TCPA in ruling on Defendant's motion to dismiss. Plaintiffs contend that because consent is a fact-specific issue, it is not appropriate to make a finding of consent in ruling on a motion to dismiss.

The court concludes that this argument is without merit. As at least one court has noted, even though consent under the TCPA may be considered an affirmative defense, which should not typically be considered as part of a motion to dismiss because it is not an element of a TCPA claim, it can be considered as part of a motion to dismiss if it appears on the face of the plaintiff's complaint. *See Murphy v. DCI Biologicals Orlando, LLC*, No. 6:12-cv-1459-Orl-36KRS, 2013 U.S. Dist. LEXIS 181732, at *16-17 (M.D. Fla. Dec. 31, 2013). In this case, as noted by Defendants, the facts supporting Defendant's consent argument are apparent on the face of Plaintiff's complaint and in the letter referenced in Plaintiff's complaint.[6] Accordingly, the

---

[6] As noted in the court's memorandum decision and order granting Defendant's motion to dismiss, Plaintiffs did not attach a copy of this letter to their complaint. However, Defendant attached a copy of the letter to its motion to dismiss, *see* docket no. 13, Exhibit A, and Plaintiffs admitted that the attachment is indeed a copy of the letter, *see* docket no. 14 at 2. As Defendant correctly indicated in its motion to dismiss, Plaintiffs make multiple references to the letter in their complaint. Therefore, even though the letter is not attached to Plaintiff's complaint, the court properly considered the letter in deciding Defendant's motion to dismiss. *See, e.g.*, *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013); *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384-85 (10th Cir. 1997).

court concludes that it was not improper to find consent under the TCPA in ruling on Defendant's motion to dismiss.

Moreover, this appears to be yet another argument that Plaintiffs could have raised, but chose not to raise, in their opposition to Defendant's motion to dismiss. As the court has stated several times, that is an improper basis for a motion to reconsider. *See Servants of the Paraclete*, 204 F.3d at 1012.

## **CONCLUSION AND ORDER**

The court concludes that all of Plaintiffs' arguments fail. Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion for the court to reconsider its prior order granting Defendant's motion to dismiss[7] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 8th day of May, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[7] *See* docket no. 19.